McFarland, S. J.,
delivered the opinion of the Court.
This was a proceeding instituted in the Circuit Court of Washington county, in which the plaintiff attempted to contest the defendant’s right to the office of Sheriff of that county. The election was held on the 7th day of March, 1868. On the 25th of the same month, the plaintiff caused a notice to be served, upon the defendant, that, on the 4th Monday of June, 1868, he would contest his election as Sheriff before the Circuit Court of Washington county, then sitting; and there appears in the record a similar notice directed to the County Court of said county. On the 22d of June, the plaintiff filed in the Clerk’s office of said Court, his petition, duly sworn to, in which he asks that the contest be made on the next day, being the second day of the term. The plaintiff appeared by attorney and moved the Court for a trial of the cause; and thereupon, by consent of the parties, it was ordered that the cause be continued until *458 Friday next ensuing. On that day the defendant, by attorney, appeared, and moved the Court to dismiss the proceedings. This motion, at a subsequent day, was overruled. A demurrer to the petition was then filed, to which there was a joinder. This demurrer does not make any question as to the sufficiency of the causes of the contest, but is merely to the jurisdiction of the Court, and as to the manner of instituting the proceeding. Upen argument, the Court sustained the demurrer, refused a hearing, and dismissed the cause, and gave judgment against the plaintiff for costs, from which he has appealed to this Court.
Section 889 of the Code, provides as follows: “The Circuit- Court hears and determines all contests of the election of Sheriffs, Clerks of the Circuit, Criminal or other Courts, whose Clerks are elected by the people, except Clerks of the County Courts.” This is all that is to be found upon the subject. As to the manner in which this proceeding is to be instituted and conducted in the Circuit Court, no provision is made.
The same article of the Code designates the several tribunals whose province it is to hear and determine the cases of the contested elections of Chancellors, Supreme Judges, and other Judicial officers, and of Attorneys-General. Article 2 of the same chapter provides for the manner in which the election of Justices of the Peace shall be conducted, and article 3 specifies the mode of procedure in the cases of Judges and District Attorneys, which requires a sworn statement of the ground of contest to be presented to the Chancellor within twenty days after the election, and the Chancellor is then required *459 to fix a day for the trial. But no provision is made as to the manner in which cases of contest before the Circuit Court are to be conducted.
Various questions are raised by the demurrer of the defendant; and 1st: That at that time, the jurisdiction to try the contest had been transferred to the Criminal Court, established by the act of 1867. The fifth section of the act provides that the Criminal Court thus established shall have “exclusive jurisdiction of all cases in which the State is a party, or which, by the laws now in force, require the services of an Attorney-General.” Acts of 1867-8, c. 90, p. 375.
This contest is not, in any sense, a criminal proceeding, but a contest between two private individuals, as to the right to exercise the functions and enjoy the emoluments of the office. This right which the party claims to hold in the office, is defined to be an incorporeal right, and the party is attempting to enforce his right by a civil proceeding. Nor is it a case where the services of an Attorney-General are required. The provisions of the Code before referred to, in which the mode of the procedure is defined in the cases of contest as to the offices of Judge, Attorney-General, Chancellor, Ac., make no provision for notice to . the Attorney-General. Nor ■ is it, in any ease, made the duty of the Attorney-General to attend and take any part in the contest; and these contests have been often tried before the Courts without the State being in any manner represented. In this respect, the proceeding differs materially from the Common' Law proceeding of quo warranto. See Code, 900-906; Wade v. Murry, 2 Sneed, 50; Dodd v. *460 Weaver, 2 Sneed, 670; Marshall v. Kerns, 2 Swan, 68; McCraw v. Harralson, 4 Col., 34. We are, therefore, of opinion that the Circuit Court of Washington had jurisdiction of the case.
' The next objection is, that the proceeding was not commenced within the time prescribed by law, and particularly that it was , not commened within twenty days from the election. It will be seen that the Code provides that .in the case of Judges and District Attorneys, a sworn statement of the ground of contest shall be presented to the Chancellor within twenty days. This does not apply to a case of this sort, by its express terms or by analogy; for in cases provided for in that article of the Code, the Chancellor, not the Court, is made the trier of the contest, and it may be tried before him at any time; and the reasons that induced the provision in the one case do not necessarily exist in the other. It will be found that there is no time limited within which the contest, in the case of Sheriffs, shall begin. If the right exists, and the remedy is given, and no limit fixed, as a general proposition, the right may be prosecuted at any time. The action can not be limited by presumption, intendment or analogy. Ang. on Lim., 485. Whether it was the intention of the Legislature to provide that these contests might be commenced at any time during the term of office, may be doubted.
There are strong reasons to suppose that the Legislature intended to provide a mode of trying the question, as to who was duly elected, and that, as far as practicable, these contests should be settled before the successful candidate is commissioned or inducted into office. *461 But it is not necessary to determine this question, any further than it is presented in this case. It is clear that the June Term, 1868, of the Circuit Court of Washington county, was the earliest time at which the contest could be tried, this being the first term of the court after the election, and no other tribunal having jurisdiction; and the contestant would necessarily have the right to have the contest tried, notwithstanding his opponent may in the mean time, have been inducted into office.
The question, however, still remains, whether or not the contestant should commence his proceeding in said court in any particular time, and what is necessary to constitute the commencement of the proceeding, or, in other words, how the proceeding shall be commenced?
The section 889, of the Code, before referred to, simply provides that the Circuit Court has jurisdiction of the case. The question is, how this jurisdiction shall be exercised. As a general proposition, “whenever the provision of a statute is general, everything necessary to make such provision effectual must be supplied by the Common Law.” 4 Bacon’s Abr., 634.
What provisions of the common law have we to aid us in this question?
We have no assistance from the common law proceeding .of a quo warranto, first, because the law upon this subject is not in force in this State. State v. Lusk, M. & Y., 287, and Attorney-General v. Leaf, 9 Hum., 753. And second, because the proceedings are in form and substance essentially different, the one being a civil contest between two individuals, the other is in the na *462 ture' of a writ of right for the State against the party who claims or usurps an office. • 3 Bl. Com., 263.
It is nest argued for the defendant, that under the Code, part 3, title 2, c. 8, this proceeding is regulated. The first section of the chapter, 3409, enacts, “that an action lies under the provisions of this chapter in the name of the State against the person or corporation in the following cases,” which are thereafter enumerated, and among others is enumerated the case where a party unlawfully usurps an office. Subsequent sections provide that the proceeding shall be by bill in equity. Section 3419 provides, that when the action is brought against a person usurping an office, in addition to the other allegations, the name of the person rightfully entitled to the office, with a statement of his right thereto, may be added, and the trial. should, if practicable, determine the right of the contesting parties; but section 3423 provides, that “ the validity of any election which may be contested under this Code, can not be tried under this chapter.” From this, it is clear that the proceedings contemplated under this chapter are different from a contested election, and as the election of a sheriff may be contested under the Code, by express terms, the provisions of this chapter do not apply. In the absence of any express regulations, the Circuit Court must be left to regulate its own practice, provided no fundamental principles are violated; and, first, the Court should see that the opposing party has due notice and his day in court, to appear and resist the proceeding. In this case, written notice was served upon the opposing party, and he appeared, by attorney, and moved the Court *463 to dismiss the proceeding, and then demurred to the petition. "Whether this was the proper mode of commencing the proceeding or not, we are of opinion that the Court having jurisdiction of the controversy, and both parties being in court, it was error to dismiss the cause without a hearing. The Court had the power to supply defects in the proceedings, such as bond for costs, &c., or to require a more specific allegation of the ground of the contest, to be made in writing, and to make all such amendments and orders as were necessary to perfect its jurisdiction of the case. The result is, the judgment is reversed; but inasmuch as the term of office has expired, the cause will not be remanded, but judgment is rendered in favor of the plaintiff for costs.